## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYRON OFFUTT,

       Plaintiff,

v.

DERRICK PARKER, JASON HERZEIG,
TASK FORCE OFFICERS OF
CENTRALIA, ILLINOIS, and JAMES
RAMSEY,

       Defendants.

Case No. 23-cv-351-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Tyron Offutt, an inmate of the Federal Bureau of Prisons ("BOP"), who at the time he filed his Complaint was a detainee at the Clinton County Jail but is now incarcerated at United States Penitentiary – Leavenworth ("USP – Leavenworth"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Offutt alleges constitutional violations in connection with the search of his house and vehicle.

---

[1] At the time Offutt filed his Complaint, he was a pretrial detainee at the Clinton County Jail. He was later convicted on charges for felon in possession of a firearm and drug charges. *See United States v. Offutt*, Case No. 21-cr-30029-SPM at Doc. 194. Offutt has not updated his address since his incarceration. *See* Federal Bureau of Prisons, Federal Inmates, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Jan. 3, 2024).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

In his Complaint, Offutt makes the following allegations: On February 3, 2021, a search warrant was executed for the address 212 N. Cherry St., Centralia, Illinois (Doc. 1, p. 2). Federal Bureau of Investigations ("FBI") agents Jason Herzeig and Derrick Parker led the search with help from officers from the Centralia Police Department Task Force (*Id*.). Offutt alleges that the location contained two units and that he resided at 212 ½ N. Cherry, the upper unit of a two-unit dwelling (*Id*.). Because the dwelling contained two units, Offutt alleges that officers violated the Fourth Amendment when they searched Offutt's upper unit (*Id*.). The officers seized numerous items from Offutt's dwelling including: vintage sports cards memorabilia, Offutt's social security card and birth certificate, 14k gold necklace, and debit cards (*Id*.).

On the same day, at 6:21 p.m., Offutt's vehicle was pulled over by Centralia Police Officer James Ramsey (*Id*. at pp. 2-3). Ramsey issued Offutt citations for fleeing and eluding on an expired registration (*Id*. at p. 3). His debit cards were also seized (*Id*.). Ramsey did not mention the search of Offutt's residence, which Offutt alleges was going on at the time of the stop (*Id*.). Offutt was detained for approximately three hours and

later arrested (*Id*.). The charges for fleeing and eluding were later dropped, and Offutt was charged in federal court with other charges (*Id*.). *See also United States v. Offutt*, Case No. 21-cr-30029-SPM.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **Fourth Amendment claim against Derrick Parker and Jason Herzeig for the search of Offutt's home and seizure of personal items.**

> **Count 2:** **Fourth Amendment claim against Ramsey for the unlawful stop, search, and seizure of Offutt's vehicle.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

Offutt alleges that the search of his apartment and car, as well as the confiscation of items during those searches, violated his Fourth Amendment rights. As to Count 1 regarding the search of his residence, Offutt alleges that FBI agents Parker, Herzeig, and unknown task force officers improperly searched his residence, 212 ½ N. Cherry, when the search warrant was for 212 N. Cherry. Although Offutt brings his claims against the

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

FBI agents pursuant to 42 U.S.C. § 1983, his claims would actually arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) as he seeks damages from federal agents.[3]

Under the Fourth Amendment, individuals have "a right to be free from unreasonable searches and seizures and [have] a right to be the subject of a warrant only when the warrant was supported by probable cause and particularly described the place and people to be searched." *Jones v. Wilhelm*, 425 F.3d 455, 461-62 (7th Cir. 2005) (quoting U.S. CONST. Amend. IV). The warrant must describe the place to be searched with particularity and searches performed pursuant to warrants that fail to meet the particularity requirement violate the Fourth Amendment. *Jones*, 425 F.3d at 462 (citing *Maryland v. Garrison*, 480 U.S. 79, 84 (1987); *Massachusetts v. Sheppard*, 468 U.S. 981, 988 n. 5 (1984)). Offutt contends that once officers arrived at the dwelling and noted two units, they should have reasonably determined that the warrant was not for 212 ½ N. Cherry

---

[3] The scope of claims brought pursuant to *Bivens* has been the subject of much scrutiny. *See Egbert v. Boule*, 596 U.S. 482, 491-92 (2022). In *Bivens*, the Supreme Court enforced a damages remedy against federal narcotics agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures by arresting a man in his home and conducting a search without a warrant or probable cause. *See Bivens*, 403 U.S. at 392. The Supreme Court later expanded the implied damages remedy to a Fifth Amendment due process claim involving general discrimination, *see Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment claim for deliberate indifference to the medical needs of a prisoner. *See Carlson v. Green*, 446 U.S. 14 (1980). Since those rulings, the Supreme Court has cautioned courts against further expansion of this remedy. *See Ziglar v. Abbasi*, 582 U.S. 120 (2017); *Egbert*, 596 U.S. 482; *Hernandez v. Mesa*, 589 U.S. ---, 140 S.Ct. 735 (2020). Where a claim arises in a new context, courts are now required to consider whether special factors counsel hesitation in recognizing the implied damages remedy. At this time, however, Count 1 appears to be no different than the claim at issue in *Bivens* and, thus, the Court need not proceed with this analysis.

and discontinued the search. *See Maryland v. Garrison*, 480 U.S. 79, 86-87 (1989) (Officers were required to discontinue search of apartment once they determined there were two units). Such conduct could constitute a violation of the Fourth Amendment. *See Jones*, 425 F.3d at 463 (Fourth Amendment violated when officer knew the warrant did not particularly describe the dwelling to be searched "but failed to immediately stop execution and seek the necessary clarification."). Thus, Count 1 shall proceed against Derrick Parker and Jason Herzeig at this time.[4] Offutt's claim against unknown task force officers, however, is too vague to state a claim. Although Offutt may certainly allege claims against identified John Does (i.e., John Doe #1, John Doe #2), he identifies a generic group of task force officers. Such a claim is too generic to survive threshold review as Offutt does not describe the task force officers or their role in the search. He does not even identify the number of officers involved in the search. Thus, "Centralia Police Department Task Force Officers" are **DISMISSED without prejudice**.

As to Count 2 related to the search and seizure of Offutt's vehicle, it is not entirely clear how Offutt's rights were violated by Officer Ramsey's stop, search, and seizure. He notes that he was stopped for expired registration; thus, Offutt does not appear to be challenging the initial stop. *United States v. Lawshea*, 461 F.3d 857, 859 (7th Cir. 2006); *Huff v. Reichert*, 744 F.3d 999, 1004 (7th Cir. 2014); *Carmichael v. Village of Palatine*, 605 F.3d 451

---

[4] The Court notes that there may be issues with Offutt's claims in light of the decisions in *Ziglar v. Abbasi*, 582 U.S. 120 (2017) and *Egbert v. Boule*, 596 U.S. 482 (2022). Further, Offutt raised the issue of sufficiency of the warrant in his criminal case which is currently on appeal. However, the Court finds that further briefing from the parties on these issues is warranted.

(7th Cir. 2010) (probable cause exists for stop if traffic violation observed); *Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009) ("If the police officer has an objectively reasonable basis to believe that a traffic law has been violated, then he or she has probable cause to make a traffic stop."). Offutt notes that his debit card was seized but it is not clear for how long or when it was returned. Offutt does note that he was detained for three hours after the conclusion of the stop. The action of prolonging a traffic stop could amount to a Fourth Amendment violation. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005) ("A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission."); *United States v. Martin*, 422 F.3d 597, 601-2 (7th Cir. 2005). Thus, Offutt may also proceed on his claim in Count 2 against Officer James Ramsey.

Although Offutt was convicted of the criminal charges which stemmed from the searches, the Seventh Circuit has held that Fourth Amendment claims do not necessarily imply the invalidity of an individual's conviction. *See Easterling v. Moeller*, 334 F. App'x 22, 23-24 (7th Cir. 2009). From the record currently before the Court and in the absence of any briefing by the defendants, the Court declines to dismiss Offutt's claims on any potential affirmative defense.

## **Pending Motions**

Offutt's motion for counsel (Doc. 9) states that he needs counsel because he has severe anxiety issues. Given the early stage of the litigation process, however, it is difficult to accurately he the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's

need for assistance of counsel ... cannot be gauged."). The parties have yet to be served and there is nothing pending that would require a response from Offutt. Thus, his motion for counsel is **DENIED**.

**<u>Disposition</u>**

For the reasons stated above, Count 1 shall proceed against Derrick Parker and Jason Herzeig. Count 2 shall proceed against James Ramsey. All potential claims against the unknown task force officers are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Derrick Parker, Jason Herzeig, and James Ramsey: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Offutt. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Because the Court conducts service on the defendants, Offutt's motion for service of process at the government's expense (Doc. 8) is **DENIED as moot**.

If a defendant can no longer be found at the work address provided by Offutt, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Offutt, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Offutt is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b). The Court notes that Offutt has not updated his address since transferring to the custody of the Federal Bureau of Prisons. Although it appears he is currently housed at USP – Leavenworth, Offutt is **ORDERED** to confirm and/or update his current address or face

dismissal of his claims for failure to prosecute. Offutt's response is due by **January 24, 2024**.

**IT IS SO ORDERED.**

DATED: 3/11/2024                    */s/ Stephen P. McGlynn*
                                    **STEPHEN P. McGLYNN**
                                    **United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**