IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRON OFFUTT, <br><br> **Plaintiff,** <br><br> v. <br><br> DEREK PARKER, JASON HERZING, and JAMES RAMSEY,[1] <br><br> **Defendants.** | Case No. 23-cv-351-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Tyron Offutt, an inmate of the Federal Bureau of Prisons ("BOP"), who at the time he filed his Complaint was a detainee at the Clinton County Jail but is now incarcerated at United States Penitentiary – Leavenworth ("USP – Leavenworth"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 402 U.S. 388 (1971). This matter is currently before the Court on a motion to dismiss or, alternatively, motion for reconsideration of the threshold order filed by Defendants Derek Parker and Jason Herzing (Doc. 25). Offutt filed a response (Doc. 30) in opposition to the motion.

---

[1] Derek Parker and Jason Herzing have now identified themselves by their proper names. The Clerk of Court is **DIRECTED** to **CORRECT** the docket to reflect defendants' proper names.

## BACKGROUND

Offutt's claims stem from the execution of a search warrant by Federal Bureau of Investigations ("FBI") agents Jason Herzing and Derek Parker. On February 3, 2021, Herzing and Parker executed a search warrant for the address 212 N. Cherry St., Centralia, Illinois (Doc. 10, p. 2). But Offutt alleges that the location included two units, and he resided at 212 ½ N. Cherry, the upper unit of the two-unit building (*Id.*). Offutt alleges that because the warrant stated it was for 212 N. Cherry, that the officers violated his Fourth Amendment rights when they searched the upper unit belonging to Offutt (*Id.*). The officers seized numerous items from Offutt's dwelling to include: vintage sports cards, Offutt's social security card and birth certificate, 14K gold necklace, and debit cards (*Id.*). None of the items were ever returned to Offutt.

After a review of Offutt's Complaint pursuant to 28 U.S.C. §1915A, Offutt was allowed to proceed on the following claim against Parker and Herzing:

> Count 1:   Fourth Amendment claim against Parker and Herzing for the search of Offutt's home and seizure of personal items.

(Doc. 10, p. 3).[2]

The Court initially allowed the claim to proceed, despite the Supreme Court's recent rulings cautioning courts against further expanding the *Bivens* remedy because, at first glance, the claim appeared similar to that in *Bivens* (Doc. 10, p. 4 n. 3). But Parker and

---

[2] Offutt was also allowed to proceed on a Fourth Amendment claim against Centralia Police Officer James Ramsey for an allegedly unlawful stop, search, and seizure of Offutt's vehicle (Count 2). Offutt's claim against Officer Ramsey, however, was brought pursuant to 42 U.S.C. § 1983 and is not the subject of the pending motion to dismiss.

Herzing now move to dismiss Offutt's claim under Federal Rule of Civil Procedure 12(b)(6) in light of the Supreme Court's ruling in *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017) and its progeny. Specifically, they argue that Offutt fails to state a claim pursuant to *Bivens* because his claim does present a new *Bivens* context and special factors mitigate against expanding a *Bivens* remedy to Offutt's claim.

## LEGAL STANDARDS

A motion to dismiss filed under Rule 12(b)(6) serves the purpose of deciding the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, a complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570. When considering a Rule 12(b)(6) motion, the Court must accept well-pleaded facts as true and draw all inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## DISCUSSION

Parker and Herzing argue that the claim against them is subject to dismissal because it presents a new context under *Bivens*. Offutt filed this lawsuit pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). There is no Congressional authority to

award damages to "plaintiffs whose constitutional rights [have been] violated by agents of the Federal Government." *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017). In *Bivens*, however, the Supreme Court recognized an implied action for damages to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Id.* at 130-31. Since this decision, the Supreme Court has recognized only two other instances in which an implied damages remedy under *Bivens* is available for a constitutional deprivation – a Fifth Amendment sex discrimination claim, and an Eighth Amendment claim for denial of medical care for a serious medical condition. *See Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). Recent cases have declined to extend a *Bivens* remedy to any other contexts and stated that further expansion of *Bivens* is a "disfavored judicial activity." *Ziglar*, 582 U.S. at 135 (declining to extend *Bivens* to Fifth Amendment due process/conditions of confinement/abuse and equal protection claims and to Fourth/Fifth Amendment strip search claims); *Egbert v. Boule*, 596 U.S. 482 (2022) (no *Bivens* remedy for First Amendment retaliation claim or Fourth Amendment excessive force claim).

When presented with a proposed *Bivens* claim, a district court must undertake a two-step inquiry. *See Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). First, a court asks whether the case presents a new *Bivens* context, *i.e.*, whether it is meaningfully different from the three cases in which the Supreme Court previously implied a damages action. *Ziglar*, 582 U.S. at 139-140. Regarding the first step, the Supreme Court noted:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should

4

respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.*

Second, if a claim arises in a new context, the court must consider whether any "special factors" indicate that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 136. The Supreme Court clarified in *Egbert* that the second part of this analysis essentially boils the entire analysis down to a single question: "whether there is *any* rational reason (even one) to think that *Congress* is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 496 (quoting *Ziglar*, 582 U.S. at 136). If there is even a "single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy." *Id.* at 492 (internal quotations omitted). In addition, a Court "may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an 'alternative remedial structure.'" *Id.* at 493. Case law makes clear that "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Id.* at 486.

Offutt's claim against Parker and Herzing clearly presents a new *Bivens* context. *Bivens* involved the warrantless arrest and seizure of the plaintiff and search of his home in violation of the Fourth Amendment. *Bivens*, 403 U.S. at 389. Here, some aspects of Offutt's claim are similar to those in *Bivens*. Offutt also alleges that federal officers

5

improperly searched and seized items from his home in violation of the Fourth Amendment. But Offutt's claims are also distinctly different from those in *Bivens*. Unlike in *Bivens*, the officers searched Offutt's residence *pursuant* to a warrant. Although Offutt's claims fall under the same constitutional provision as that in *Bivens*, Offutt's claims arise in a new context, the search and seizure by officers pursuant to a warrant. *See Hernandez*, 589 U.S. at 103 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."). *See also Annappareddy v. Pascale*, 996 F.3d 120, 135-36 (4th Cir. 2021) (finding that a search and seizure conducted with a warrant presented a new *Bivens* context)

Offutt, however, argues that the search of his home was not authorized by the warrant because the warrant in the officer's possession was for 212 N. Cherry and Offutt lived at 212 ½ N. Cherry. Thus, Offutt argues, the officers did not have a warrant when they searched his home, and his claims fall squarely within the confines of *Bivens*. The Seventh Circuit has allowed claims to proceed under *Bivens* for searches conducted pursuant to a warrant that was based on false and misleading affidavits, noting that the search of a property with an invalid warrant amounted to a warrantless search. *See Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 564 (7th Cir. 2022) (citing *Groh v. Ramirez*, 540 U.S. 551, 558-59 (2004) (search with a warrant that lacked particularity was equivalent to a warrantless search)).

But the warrant Offutt objects to in this case was never deemed invalid. In fact, Offutt attacked the sufficiency of the warrant in his criminal case before this very Court and the undersigned found that the warrant was valid. *See United States v. Offutt*, Case

No. 21-cr-30029-SPM, Doc. 96 (March 30, 2022). In his criminal case, Offutt moved to suppress the evidence obtained during the search and argued that the warrant was defective because it contained the wrong address (*Id*. at p. 3). The undersigned found that the attached picture and affidavit demonstrated that the place to be searched was a two-story premises and noted that Offutt occupied the upstairs address listed as 212 ½ N. Cherry (*Id*. at p. 5). The searching officer, who was the affiant for the warrant-complaint, knew that Offutt's living quarters was on the second floor of the rental property and there was no ambiguity as to what location was to be searched (*Id*.). Thus, the Court found that the search warrant for Offutt's living quarters was valid. After the trial, but prior to sentencing, Offutt filed a *pro se* motion to suppress, again challenging the validity of the warrant. *Offutt*, Case No. 21-cr-30029-SPM, Doc. 190. That motion was also denied. Offutt did not appeal the Court's ruling as to the search warrant (Doc. 25-1). *See also United States v. Offutt*, 122 F.4th 268 (7th Cir. 2024). Thus, the warrant at issue in this case was deemed valid. *See Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) ("It's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss.").

      Because there was a valid warrant in this case, the Court finds that allegations at issue here present a new *Bivens* context. "[R]ecognizing new causes of actions under *Bivens* is disfavored, and the Supreme Court has instructed that even a 'modest extension' of an existing context is all but forbidden." *Sargeant v. Barfield*, 87 F. 4th 358, 366 (7th Cir. 2023) (citing *Ziglar*, 582 U.S. at 135, 147 (quoting *Iqbal*, 556 U.S. at 675)). The fact that the

7

search of Offutt's residence was conducted pursuant to a warrant presents a modest but meaningful extension of *Bivens*.

The Court further finds special factors preclude expansion of *Bivens* to Offutt's Fourth Amendment claim. This inquiry focuses on "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Ziglar*, 582 U.S. at 136. The existence of other alternative remedies "alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* at 137. *See also Egbert*, 596 U.S. at 493 ("If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action.") (quotations and citations omitted). As the Supreme Court in *Ziglar* emphasized "when alternative methods of relief are available, a *Bivens* remedy usually is not." *Id.* at 145 (citations omitted).

In this case, Offutt has other avenues of relief. As Defendants point out in their brief, Offutt could have reported his allegations of misconduct to the Department of Justice's Office of Inspector General. *See Logsdon v. United States Marshal Service*, 91 F.4th 1352, 1360 (10th Cir. 2024) (noting that improper conduct can be reported to the DOJ Inspector General). Offutt also has an available alternative remedy through the Federal Tort Claims Act, 28 U.S.C. § 1346 (b), 2671, *et seq. See Millbrook v. United States*, 569 U.S. 50, 55 (2013) (The FTCA allows an individual to pursue a tort claim for the "acts or omissions of an investigative or law enforcement officer.") (quotations omitted). To the extent that Offutt seeks to have his confiscated property returned (Doc. 1, p. 2), he could

also seek its return pursuant to the Federal Rules of Criminal Procedure. Specifically, Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." Although this provision does not provide for monetary damages, the "existing remedies do not [need to] provide complete relief." *Egbert*, 596 U.S. at 493. *See also Quinones-Pimentel v. Cannon*, 85 F.4th 63, 75 (1st Cir. 2023) (collecting case) (finding that a motion pursuant to 41(g) was an alternative remedy that prohibited the extension of *Bivens*). Here, Offutt had other avenues to pursue the return of his property and object to the actions of Defendants. Thus, the Court finds that the existence of alternative remedies counsels against extending a *Bivens* remedy to Offutt's claim. As a result, *Bivens* should not extend to Offutt's claim against Parker and Herzing and Offutt fails to present a viable *Bivens* claim.

## Conclusion

For the reasons stated above, Defendants' motion to dismiss (Doc. 25) is **GRANTED** and Count 1 against Derek Parker and Jason Herzing is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED: March 11, 2025.**

*/s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**